# Richmond.

## S. H. PEREIRA, EXECUTRIX OF J. V. PEREIRA, DECEASED *v.* J. V. MOON, EXECUTOR FOR F. C. MOON, DECEASED.

### November 18, 1926.

1. REFERENCE—*Reference to Commissioner in Action at Law—Evidence not Authenticated by Trial Judge—Presumption that Judgment Confirming Commissioner's Report is Correct—Case at Bar.*—In the instant case, a motion for judgment by an attorney against his client, issues under the pleadings were most complicated. By consent of counsel there was a reference to a special commissioner with authority to report a full settlement of all the issues between the parties, including an account showing all transactions between them, and the balance due plaintiff or defendant. Trial by jury was waived and it was agreed that the findings of the commissioner should have the same force and effect as the findings of a commissioner in chancery. The commissioner found a balance in favor of plaintiff and the court entered judgment in favor of the plaintiff for this balance. The evidence taken by the commissioner was not authenticated by the judge.

   *Held:* That the appellate court could not consider the evidence in determining whether the commissioner arrived at a right conclusion and that in the absence of the showing of error, the judgment of the trial court must be presumed to be correct.

2. EXCEPTIONS, BILL OF—*Evidence—Authentication of Evidence by Judge.*—Where there is a skeleton bill of exceptions with a blank left for the insertion of the evidence, but the evidence to be inserted is not authenticated, the appellate court cannot consider the evidence printed in the record in determining whether the judgment of the trial court is right.

3. MOTION FOR JUDGMENT—*Chancery Proceedings—Reference to Commissioner—Authentication of the Evidence.*—In the instant case the matters at issue, as they developed by the pleadings, were so complicated that they were referred to a special commissioner to report thereon, but this was done as a matter of convenience and because it was recognized that a jury could not cope with the difficulties of the situation, and could not give jurisdiction to a court of equity of an action at law instituted by a notice of motion for

judgment; and the rules governing law actions in regard to bills of exceptions and the authentication of evidence applied to the case at bar.

Error to a judgment of the Circuit Court of Albemarle county, in a proceedings by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Gilmer & Graves*, for the plaintiff in error.

*John D. Easley*, for the defendant in error.

CHICHESTER, J., delivered the opinion of the court.

This is an action by notice of motion for judgment for the sum of $5,291.66⅔ instituted by F. C. Moon against J. V. Pereira. Since the institution of the action both the plaintiff and defendant have departed this life, and this litigation, commenced in 1916, was thereafter conducted in the names of the personal representatives of the original litigants, resulting nine years after its inception, in January 1925, in a judgment for the plaintiff in the sum of $4,016.69, with interest thereon at six per cent per annum from April 1, 1917, until paid. From this judgment a writ of error was duly awarded.

J. V. Pereira was a banker and F. C. Moon was an attorney at law. The latter was employed by the former at a yearly salary, in the year 1899, as alleged in the notice, and the account on which the action was instituted consists of salary items for eighteen years with interest on each item from January 1st in each year beginning with January, 1899, and ending with

January 1, 1916, and an item of $1,000.00 evidenced by written contract dated October 24, 1898, with interest.

There were special pleas innumerable, and a plea of payment, set off and of the statute of limitations, *non assumpsit* and *nil debet*, and after the trial court had gone through the mazes of these pleas and the motions to reject and strike out and the replications thereto, all matters in controversy, and at this stage of the proceedings they had become legion, were on July 17, 1917, by consent of counsel, referred to George E. Walker as a special commissioner who was given authority to report to the court a full settlement of all issues between the parties, including an account showing all the transactions between them and the balance due plaintiff or defendant, as the case may be. To this end the commissioner was directed to take the evidence of all witnesses introduced by either party and all documentary evidence produced, and make up his report accordingly. Trial by jury was waived and it was agreed that the findings of the commissioner should have the same force and effect as the findings of a commissioner in chancery.

That the commissioner was diligent in the performance of his duties is evidenced by 700 or more printed pages of evidence accumulated in the years between 1917 and 1925, and by the report of his findings (30 printed pages) showing a balance in favor of the plaintiff, F. C. Moon, in the sum of $4,016.69. Both the plaintiff and defendant filed exceptions to this report but the court overruled all exceptions and entered judgment for the plaintiff for the amount ascertained to be due him by the commissioner.

[1, 2] The evidence taken by the commissioner is not authenticated by the judge. There is a skeleton bill

of exceptions with a blank left for insertion of the evidence but the evidence to be inserted is not authenticated.

Under these circumstances we cannot consider the evidence printed in the record in determining whether the commissioner arrived at a right conclusion. In the absence of a showing of error the judgment of the trial court is presumed to be correct.

[3] It was suggested by counsel for defendant that the cause, by consent of counsel, became a chancery proceeding and that therefore no authentication of the evidence was necessary. It is true that the matters at issue, as they developed by the pleadings were so complicated that they were referred to a special commissioner to report thereon, but this was done as a matter of convenience and because it was recognized that a jury could not cope with the difficulties of the situation, but it could not give jurisdiction to a court of equity of an action at law instituted by notice of motion for judgment. In addition section 6084 of the Code 1919 providing for a transfer of a cause from one side of the court to the other had not been inserted in the Code by the revisors at the time of the reference to a commissioner in this case, and such reference could not give the chancery court jurisdiction. Nor since the enactment of the section has there been any action looking to a transfer of the action to the chancery side of the court as provided for by law.

We must, therefore, apply the rules governing law actions in regard to the bills of exception and authentication of the evidence in this case, and there being nothing in the record to show error therein affirm the judgment of the trial court.

*Affirmed.*